hWILLIAMS, Judge.
The plaintiffs, Donnie Morris Hamilton and Tori Hamilton, appeal a judgment in favor of the defendants, Larry Joe McGinty, Progressive Security Insurance Company (“Progressive”), Rickey Johnson and Allstate Insurance Company (“Allstate”). The district court granted the defendants’ motions for summary judgment. For the following reasons, we affirm.
*78 FACTS
On June 22, 1996, át approximately 1:30 a.m., Larry Joe McGinty was operating a vehicle eastbound on ShreveporL-Blanch-ard Highway toward Shreveport. McGinty collided with a utility trailer which was owned by Johnny Egans and was parked on the shoulder of the road. A vehicle driven by Rickey Johnson then struck the rear of the McGinty vehicle. A short time later, the Shreveport Police arrived at the scene to investigate the accident and remove the vehicles. A marked police cruiser with activated headlights, spotlight and overhead flashing lights was blocking traffic on the highway while a tow truck removed the trailer from the scene. At approximately 3:10 a.m., L.V. Hamilton was driving his automobile on the highway at a high rate of speed when he failed to stop and crashed into the police car which was blocking traffic. Hamilton was transported to the hospital, where he died. The autopsy report indicated that at the time Hamilton was hospitalized his blood ethanol level was 0.14 %, a reading consistent with intoxication.
The plaintiffs, decedent’s wife, Donnie Morris Hamilton, and his daughter, Tori Hamilton, filed a petition for damages against the defendant, City of Shreveport. Subsequently, plaintiffs filed an amended petition padding as defendants Johnny Egans, Larry Joe McGinty and his insurer, Progressive, Rickey Johnson and his insurer, Allstate. Egans’ motion for summary judgment was granted and he was dismissed from the lawsuit. Thereafter, McGinty and Progressive filed a motion for summary judgment, as did Johnson and Allstate. After a hearing, the district court granted the motions for summary judgment, finding that the act of the Shreveport Police in taking control of the accident scene was dispositive of the liability issue. Plaintiffs appeal the judgment.
DISCUSSION
By two assignments of error, the plaintiffs contend the district court erred' in granting the motions for summary judgment. Plaintiffs argue that under the duty-risk analysis, the negligence of defendants in causing the first accident was a legal cause of the subsequent accident involving the decedent. In its brief, the City argues that there is a genuine issue of material fact as to the potential allocation of fault to Johnson and McGinty, since the police vehicle would not have been present at the scene but for the first accident.
Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file and any affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. The mover has the burden of establishing the absence of a genuine issue of material fact. However, if the mover will not bear the burden of proof at trial on the matter, the mover is not required to negate all essential elements of the |3adverse party’s action or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim or action. The non-moving party must then produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. NAB Natural Resources v. Willamette Industries, Inc., 28,-555 (La.App.2d Cir.8/21/96), 679 So.2d 477.
To determine whether to impose liability under LSA-C.C. art. 2315, the courts employ the duty-risk analysis, which consists of the following four-prong *79 inquiry: (1) Was the conduct in question a substantial factor in bringing about the plaintiffs harm, i.e., was it a cause in fact of the harm that occurred? (2) Did defendant owe a duty to the plaintiff? (3) Was the duty breached? (4) Was the risk, and harm caused, within the scope of protection afforded by the duty? Roberts v. Benoit, 605 So.2d 1032 (La.1991); Laird v. Travelers Insurance Co., 263 La. 199, 267 So.2d 714 (1972).
Generally, cause in fact is a “but for” inquiry, which tests whether the plaintiff would have sustained injuries but for defendant’s substandard conduct. Perkins v. Entergy Corp., 00-1372, 00-1387, 00-1440 (La.3/23/01), 782 So.2d 606. When there are multiple causes of an accident, cause in fact will be found when defendant’s conduct was a substantial factor in bringing about the plaintiffs harm. Perkins, supra; Roberts, supra. The cause in fact inquiry is limited in scope, so that to the extent the defendant’s actions had something to do with plaintiffs injury, the test of a factual, causal | ¿relationship is met. Roberts, supra.
Here, the record contains evidence to show that the accident involving defendants was a cause in fact of decedent’s injuries. But for their prior collision, the lane of travel would not have been blocked by the police vehicle which was struck by decedent. The second inquiry is whether the defendants owed a duty to plaintiffs that was breached.

Duty

The plaintiffs urge that defendants breached their statutory duty to drive at reasonable speeds and not to follow too closely. All motorists must drive with due regard for the traffic on the highway and have an affirmative duty not to drive faster than is reasonable and prudent under the conditions and potential hazards existing at the time. LSA-R.S. 32:64(A); Lennard v. State Farm Mutual Automobile Insurance Company, 26,396 (La.App.2d Cir.1/25/95), 649 So.2d 1114. The driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. In no event shall such movement be made by driving off the main traveled portion of the highway. LSA-R.S. 32:74. The driver of a vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for such vehicle’s speed, the traffic and the condition of the highway. LSA-R.S. 32:81.
Pursuant to the above statutes, defendants were under a duty to drive at speeds that were reasonable under the existing conditions and to maintain control of their vehicles. The deposition of Danny Johnson, a former Shreveport police officer, and the police accident report contained in the [^record demonstrated that the defendants breached the duty imposed on motorists. McGinty improperly drove off the traveled portion of the highway to pass on the right and struck the disabled trailer on the shoulder of the road. Rickey Johnson then failed to maintain control of his vehicle and collided with the rear of McGinty’s vehicle. Since the evidence presented shows a duty under law and a violation of that duty by the defendants, we must consider whether the injury sustained by plaintiffs is a risk encompassed by the rule of law that imposed the duty.

Scope of Protection of Duty

The scope of protection inquiry asks whether the applicable principle of law extends to or is intended to protect this plaintiff from this type of harm arising in this manner. Roberts, supra. In determining whether there is liability for a defendant’s substandard conduct, the proper \ *80 inquiry is how easily the risk of injury to plaintiff can be associated with the duty sought to be enforced. Restated, the question is how easily does one associate the plaintiffs complained-of harm with the defendant’s conduct? Roberts, supra. Absent an ease of association, we have found legal fault lacking. See Williams v. Southfield School, Inc., 494 So.2d 1339 (La.App. 2d Cir.1986).
In the present case, the statutory provisions were designed to regulate the movement of motor vehicles on the highway. The statute that prohibits leaving the traveled portion of the highway to pass on the right is intended to prevent the risk that a vehicle will run into an object or person located on the shoulder of the road or abruptly re-enter the travel lane to avoid such an | fiobstacle. The requirement that motorists drive at reasonable speeds and not follow too closely is meant to allow time to avoid a collision if another vehicle suddenly stops or turns. The issue is whether the risk of injury from a collision with a stationary police car at an accident scene, a situation produced by a combination of defendants’ conduct and the act of a third party, is within the scope of protection of the duty imposed on defendants while operating their motor vehicles.
Plaintiffs have not demonstrated an ease of association between the defendants’ conduct in causing the first accident and the risk of injury to decedent under the circumstances and in the manner the injury occurred. The record shows that at the time decedent collided with the police car, the defendants were no longer engaged in driving their vehicles. A reading of the relevant statutes indicates that the primary purpose of the motorist’s duty to drive at a safe speed and distance is to prevent the type of vehicular accident in which McGinty and Johnson were initially involved. The risk that decedent would later drive while intoxicated and collide with an illuminated police vehicle, which was placed in the roadway as a warning of the first accident, must be considered outside of the ambit of protection contemplated by the imposition of the statutory duty.
Applying the duty-risk analysis to this case, we must conclude that the applicable legal principle was not intended to protect this decedent from this type of harm arising in this manner. Consequently, McGinty and Johnson cannot be liable for plaintiffs’ damages and the district court was correct in granting the motions for summary judgment. The plaintiffs’ 17assignments of error lack merit.
The plaintiffs and the City contend the district court erred in concluding that because the police had taken control of the accident scene, the drivers involved in the initial collision were not liable for plaintiffs’ damages. Although we do not agree with the district court’s conclusion that the “control element” was the determinative factor precluding liability, this court reviews judgments and not reasons for judgment. Rogers v. Stockmon, 34,327 (La. App.2d Cir.11/1/00), 780 So.2d 386; Pine v. Doolittle, 28,141 (La.App.2d Cir.6/26/96), 677 So.2d 686. As discussed above, summary judgment is supported by the record and the application of the duty-risk analysis in this case.
CONCLUSION
For the foregoing reasons, the district court’s summary judgments are affirmed. Costs of this appeal are assessed to the appellants, Donnie Morris Hamilton and Tori Hamilton.
AFFIRMED.
BROWN, C.J., dissents with written reasons.